IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MARGARET RIVERA,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC., a Florida corporation, and,
LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. Defendant Central Credit Services, Inc. transacts business in this Judicial District.

7. Defendant LVNV Funding, LLC transacts business in this Judicial District.

### PARTIES

8. Plaintiff, Margaret Rivera, is a natural person.

9. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Central Credit Services, Inc. (hereinafter: "CCS") is a Florida corporation operating from an address at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida, 32225.

12. CCS's registered agent in the state of Colorado is Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, Colorado 80020.

13. CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. CCS is licensed as a collection agency by the state of Colorado.

15. The principal purpose of CCS is the collection of debts using the mails and telephone.

16. CCS regularly attempts to collect debts alleged to be due another.

17. CCS regularly attempts to collect debts alleged to be due another in the state of Colorado.

18. Defendant LVNV Funding, LLC (hereinafter: "LVNV") is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

19. LVNV's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

20. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. LVNV is licensed as a collection agency by the state of Colorado.

22. The principal purpose of LVNV is the collection of debts using the mails and telephone.

23. LVNV regularly attempts to collect debts alleged to be due another.

24. LVNV regularly attempts to collect debts alleged to be due another in the state of Colorado.

## FACTUAL ALLEGATIONS

25. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to HSBC (hereinafter the "Account").

26. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. The Account went into default with the original creditor.

28. LVNV is the business of purchasing delinquent consumer accounts, typically paying no more than five cents on the dollar.

29. LVNV then collects the accounts or hires other entities to collect the accounts.

30. LVNV claims to have purchased the Account.

31. LVNV paid less than five cents on the dollar for the Account.

32. LVNV hired CCS to collect the Account.

33. LVNV placed or otherwise transferred the Account to CCS for collection from the Plaintiff. (CCS Reference # 5843946)

34. LVNV was acting as a debt collector as to the Account it attempted to collect from the Plaintiff through its agent, CCS.

35. The Account was sent from LVNV to CCS in 2010.

36. The Account was received by CCS in 2010.

37. The Plaintiff disputes the Account.

38. The Plaintiff requests that the Defendants cease all further communication on the Account.

39. In the year prior to the filing of the instant action the Plaintiff received telephone call(s) from the Defendants and / or representative(s), employee(s) and / or agent(s) of CCS.

40. In the year prior to the filing of the instant action the Plaintiff called CCS in response to the telephone call(s).

41. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

42. The telephone call(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

43. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

44. The only reason that CCS and / or representative(s), employee(s) and / or agent(s) of CCS made telephone call(s) to the Plaintiff was to attempt to collect the Account.

45. The only reason that CCS and / or representative(s), employee(s) and / or agent(s) of CCS had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

46. The only reason that CCS and / or representative(s), employee(s) and / or agent(s) of CCS received telephone call(s) from the Plaintiff was to attempt to collect the Account.

47. During the communication(s) CCS and / or representative(s), employee(s) and / or agent(s) of CCS attempting to collect the Account represented to the Plaintiff that the Account would be reported to the credit bureaus until it is paid.

48. The representation stated in paragraph 47 was false and was a false representation in connection with the collection of a debt, the Account.

49. During the communication(s) CCS and / or representative(s), employee(s) and / or agent(s) of CCS attempting to collect the Account represented to the Plaintiff that she cannot dispute the Account.

50. The representation stated in paragraph 49 was false and was a false representation in connection with the collection of a debt, the Account.

51. During the communication(s) CCS and / or representative(s), employee(s) and / or agent(s) of CCS attempting to collect the Account represented to the Plaintiff that she had to file charges with the police against her daughter in order to dispute the Account.

52. The representation stated in paragraph 51 was false and was a false representation in connection with the collection of a debt, the Account.

53. CCS kept written documentation and / or computer note(s) that document that its representative(s), employee(s) and / or agent(s) had telephone conversations with the Plaintiff on the Account in the year prior to the filing of the instant action.

54. CCS made audio recordings of the telephone calls with the Plaintiff.

55. CCS has copies of the audio recordings of the telephone calls with the Plaintiff.

56. The Defendants and CCS's representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface.

57. The Defendants and CCS's representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8) and e(10).

58. The Defendants and CCS's representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

59. The Defendants' statements and actions as well as that of CCS's representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

60. LVNV has derivative liability for the acts and omissions of CCS and the representatives, employees and / or agents of CCS.

61. As a consequence of the Defendants' collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

62. The representative(s) and / or collector(s) at CCS were employees of CCS at all times mentioned herein.

63. The representative(s) and / or collector(s) at CCS were agents of CCS at all times mentioned herein.
64. The representative(s) and / or collector(s) at CCS were acting within the course of their employment at all times mentioned herein.
65. The representative(s) and / or collector(s) at CCS were acting within the scope of their employment at all times mentioned herein.
66. The representative(s) and / or collector(s) at CCS were under the direct supervision of CCS at all times mentioned herein.
67. The representative(s) and / or collector(s) at CCS were under the direct control of CCS at all times mentioned herein.
68. The actions of the representative(s) and / or collector(s) at CCS are imputed to their employer, CCS.
69. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **RESPONDEAT SUPERIOR**

70. The representative(s) and / or collector(s) at CCS were representatives of LVNV at all times mentioned herein.
71. CCS and its representative(s), employee(s) and / or collector(s) were agents of LVNV at all times mentioned herein.
72. LVNV's representative(s) and / or collector(s) including CCS were acting within the course of their employment with LVNV at all times mentioned herein.

73. LVNV's representative(s) and / or collector(s) including CCS were acting within the scope of their employment with LVNV at all times mentioned herein.

74. LVNV's representative(s) and / or collector(s) including CCS were under the direct supervision of LVNV at all times mentioned herein.

75. LVNV's representative(s) and / or collector(s) including CCS were under the direct control of LVNV at all times mentioned herein.

76. The actions of LVNV's representative(s) and / or collector(s) including CCS are imputed to their employer, LVNV.

77. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

78. The previous paragraphs are incorporated into this Count as if set forth in full.

79. The acts and omissions of the Defendants and CCS's representative(s), employee(s) and / or agent(s) constitute violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(2)(A), e(5), e(8), e(10) and § 1692f preface.

80. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff